IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Da'von Lamont Moore,<br>#HC05222433419,<br>*a/k/a Da-Von Lamont Moore,*<br>*a/k/a Da-Von Moore, Sr,*<br><br>Plaintiff,<br><br>vs.<br><br>Jaime M. Tropauer,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:25-cv-5518-JD-TER<br><br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 9), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the Magistrate Judge's initial review of Plaintiff Da'von Lamont Moore's ("Plaintiff" or "Moore") *pro se* filings.[1]

## A.    Background

The Report sets forth the relevant facts and applicable legal standards, which the Court incorporates herein by reference. In brief, Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action on a 28 U.S.C. § 2241 habeas form challenging a state court eviction order and alleging forgery in connection with

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

that proceeding. Plaintiff seeks vacatur of the state court judgment and monetary damages.

**B.    Report and Recommendation**

The Magistrate Judge issued the Report on June 24, 2025, and concluded that the action was improperly filed as a habeas petition, construed the allegations as a civil action, and determined that the claims are frivolous and subject to summary dismissal because they are duplicative of prior actions and barred by the *Rooker–Feldman* doctrine. The Report recommends dismissal with prejudice and without issuance and service of process.

**C.    Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Plaintiff's Objections**

2

Plaintiff filed a letter on July 7, 2025, which was docketed as an objection (DE 11). In that submission, Plaintiff does not identify any specific factual or legal error in the Report. Instead, Plaintiff apologizes for filing the action on the incorrect form, acknowledges the applicability of the *Rooker–Feldman* doctrine, and expresses disagreement with the outcome of the underlying state court eviction proceedings. Plaintiff further questions the availability of appellate review in state court and reiterates allegations of forgery related to the eviction, while emphasizing that he seeks "justice" rather than monetary relief.

Construed liberally, Plaintiff's filing reflects confusion regarding jurisdictional doctrines and dissatisfaction with the state court result. It does not, however, challenge the Magistrate Judge's core conclusions that this Court lacks jurisdiction to review or overturn state court judgments and that Plaintiff's allegations are duplicative of claims previously dismissed on the same grounds. (DE 9 at 3.)

Plaintiff's acknowledgment of his misunderstanding of federal jurisdiction does not supply a basis for relief. This Court is without authority to review, modify, or vacate final state court judgments, regardless of how the claims are styled or the relief sought. Allegations that a state court judgment was erroneous or procured through forgery must be addressed through the state court system and any available state appellate or collateral review procedures, not through an original action in federal district court.

Accordingly, Plaintiff's objection is overruled.

### E.     Motion for Appointment of Counsel

Plaintiff also moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (DE 4.) There is no constitutional right to appointed counsel in civil cases. Appointment of counsel is discretionary and appropriate only in "exceptional circumstances," which depend on the type and complexity of the case and the abilities of the litigant to present his claims. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *Jenkins v. Woodard*, 109 F.4th 242, 252–54 (4th Cir. 2024).

Plaintiff cites his incarceration and health issues to support his motion. While the Court does not minimize these circumstances, they do not constitute exceptional circumstances warranting the appointment of counsel in this case. Plaintiff has demonstrated the ability to articulate his claims and legal arguments. Moreover, because the action is subject to dismissal at the screening stage as a matter of law, appointment of counsel would not alter the outcome.

Accordingly, the Motion for Appointment of Counsel (DE 4) is denied.

**F.     Conclusion**

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 9) and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITH PREJUDICE as frivolous and without issuance and service of process. The Court also DENIES Plaintiff's Motion for Appointment of Counsel (DE 4).

**IT IS SO ORDERED**.


Florence, South Carolina
January 14, 2026

Joseph Dawson, III
United States District Judge


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.